310 So.2d 281 (1975)
Claude SMITH et al.
v.
TRANSCONTINENTAL GAS PIPELINE CORPORATION.
No. 47948.
Supreme Court of Mississippi.
March 24, 1975.
L.A. Pacific, Collins & Tew, Laurel, for appellants.
Brunini, Grantham, Grower & Hewes, Edmund L. Brunini, Jr., Jackson, Robert H. McFarland, Bay Springs, M.M. Roberts, Hattiesburg, for appellee.
Before RODGERS, SMITH and SUGG, JJ.
SMITH, Justice:
Claude Smith, and others, citizens of Jones County, have appealed from an order of the Circuit Court of the First Judicial District of Hinds County, reversing certain orders of the State Oil and Gas Board whereby that body had declined to accept jurisdiction of two petitions of Transcontinental Gas Pipeline Corporation for leave to use the depleted Eutaw Gas Pool of the Sharon Gas Storage Field in Jasper and Jones Counties for the injection, storage and withdrawal of gas as provided in Chapter 436, Laws of Mississippi of 1971, (Section 53-3-151 et seq., Mississippi Code Annotated 1972). Section 8 of Chapter 436 purports to exclude from the operation *282 of the Act "a county having two judicial districts and being intersected by U.S. Highway 84 and Interstate 59. This section is not brought forward or codified in Mississippi Code Annotated (1972), apparently because considered local and private in character, it being conceded that it refers to Jones County only.
The Legislature declared its purpose and policy in the enactment of the statute in the following language:
The underground storage of natural gas which promotes the conservation thereof, which permits the building of large quantities of natural gas in reserve for orderly withdrawal in periods of peak demand, making natural gas more readily available to the consumer, or which provides more uniform withdrawal from various gas or oil fields, is in the public interest and welfare of this state and is for a public purpose. [Mississippi Code Annotated § 53-3-153 (1972)].
When Transcontinental presented its petitions to the State Oil and Gas Board, that body declined to accept jurisdiction, basing its refusal upon the exception of Jones County expressed in section 8 of the Act, Sharon Field lying partly in Jasper County and partly in Jones County. From the Board's orders declining jurisdiction, Transcontinental appealed to the Circuit Court. That court reversed the State Oil and Gas Board, and declared that section 8 was an unconstitutional attempt to exclude a single county, Jones, from the general law, and ordered the cases remanded to the State Oil and Gas Board. The circuit court held: "This Court is of the opinion that § 8 of Chapter 436 of the Mississippi Laws of 1971 is a violation of § 1 of the 14th Amendment of the United States Constitution and is in further violation of the Mississippi Constitution, §§ 87 and 90, in that § 8 is a private and local exception suspending the operation of the general legislative act."
The question presented by the present appeal is, therefore, whether the circuit court was correct in so holding.
Section 87 of the Mississippi Constitution of 1890 provides:

No special or local law shall be enacted for the benefit of individuals or corporations, in cases which are or can be provided for by general law, or where the relief sought can be given by any court of this state; nor shall the operation of any general law be suspended by the legislature for the benefit of any individual or private corporation or association, and in all cases where a general law can be made applicable, and would be advantageous, no special law shall be enacted. (Emphasis added).
The general rule is stated in 82 C.J.S. Statutes § 155 (1953):
The constitutional prohibition against special and local laws is absolute in some states. Generally, however, the state constitutions prohibit special, private, or local laws, or require general laws, as to particular subjects which are specifically enumerated, followed by a prohibition in general terms of all special, private, or local laws where a general law either is or may be applicable. The purpose of such provisions is to confine the power of the legislature to the enactment of general statutes conducive to the welfare of the state as a whole, to prevent diversity of laws on the same subject, to secure uniformity of law throughout the state as far as possible, and to prevent the granting of special privileges. Their purpose is not to limit legislation, but merely to prohibit the doing, by local or special laws, of that which can be accomplished by general laws, and they relate, not to the substance of legislation, but to the method of legislation. (Emphasis added).
It appears to be beyond question that Chapter 436 of the Laws of 1971, is a general law, intended to apply throughout the *283 State, in all of the 82 counties, excepting only, Jones County, identified in the Act as "a county intersected by U.S. Highway 84 and Interstate 59 and having two (2) judicial districts." Chapter 436, supra, among other things, provides:
Any company, person or association of persons, municipality, association of municipalities, public utility district, or natural gas district, incorporated or organized for the purpose of building or constructing pipelines and appliances for the conveying and distribution of oil or gas and authorized by law in section 11-27-49, Mississippi Code of 1972, to exercise eminent domain rights with respect thereto, is hereby empowered, after obtaining approval of the state oil and gas board as herein required, to exercise the right of eminent domain, in the manner provided by law, to acquire all surface and subsurface rights necessary and useful for the purpose of storing as in any underground reservoir, stratum or formation, pursuant to the provisions hereof... . [Mississippi Code Annotated section 53-3-159 (1972)].
Section 90, Mississippi Constitution of 1890, prohibits the enactment of local, private or special laws, in certain areas, among them being laws: "(r) Conferring the power to exercise the right of eminent domain, or granting to any person, corporation, or association the right to lay down railroad tracks or street-car tracks in any other manner than that prescribed by general law;"
The Fourteenth Amendment of the Constitution of the United States provides:
Section 1. All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.
The constitutional challenge in this case is directed solely at section 8 of Chapter 436, supra, which undertakes to exclude the single county of Jones because it is a county (the only one) having two judicial districts and intersected by U.S. Highway 84 and Interstate 59.
In State ex rel. Newell v. Brown, 162 Ohio St. 147, 122 N.E.2d 105 (1954), the Supreme Court of Ohio dealt with a statutory provision, the constitutionality of which was challenged upon the ground that it was local and private in character, singling out one county in the state for different treatment, and came within a prohibition contained in the Ohio Constitution, against local and private legislation. Article 2, section 26, of the Ohio Constitution provided: "All laws of a general nature, shall have a uniform operation throughout the state... ."
The Ohio Court, in holding a statute, which dealt with nominating petitions, unconstitutional, said: "Cuyahoga County is the only county in the state which has a population of one million or more," and pointed out that the provision was unconstitutional as an attempt, by local, special or private law, to provide a different standard for Cuyahoga County, the only county fitting the description of "a county having one million population."
The Ohio Court cited with approval State ex rel. English v. Industrial Commission, 160 Ohio St. 443, 448, 449, 117 N.E.2d 22, 25, wherein it was said (we think correctly) that the "essential elements necessary to make a general law operate uniformly," are:
1. The law must operate equally upon the members of the class to be affected.
2. It must embrace all persons who are or may be in like situations and circumstances.

*284 3. The designation of the class must be reasonable and not unjust or capricious.
4. The designation must be based upon a real distinction.
In Toombs v. Sharkey, 140 Miss. 676, 106 So. 273 (1925), this Court distinguished between a local and private act and a general law. Chapter 211 of Laws of Mississippi of 1924 provided for salaries to be paid county prosecuting attorneys, the amounts to be dependent upon a classification of counties according to assessed property valuations. The following exception was included in the act:
Provided, however, that in all counties having an assessed valuation of $25,000,000.00 or more, in a levee district, where a cotton tax is imposed for levee purposes, the board of supervisors shall pay such county prosecuting attorney a salary not less than $3,000.00, nor more than 3,600.00 per annum, etc. (Emphasis added). (140 Miss. at 690, 106 So. at 274).
Only two counties, Washington and Bolivar, fulfilled the requirements as to being in a levee district and imposing a cotton tax for levee purposes. The constitutionality of the exception of Washington and Bolivar from the general provisions of the Act, was challenged.
This Court said:
Are the characteristics set out, to wit, counties in a levee district, and counties in a levee district paying a cotton tax for levee purposes, related to or connected with the prosecution of crime? (140 Miss. at 691, 106 So. at 274).
Also:
Certain it is that the Legislature is not warranted in making an arbitrary and indiscriminate classification without regard to its relation to the thing to be effected. In other words, the classification must be germane to the subject-matter of legislation... . (140 Miss. at 691, 106 So. at 274).
In Toombs, supra, the Court said, further:
It will be observed that the proviso in the law here under review excludes all other counties paying a cotton tax or being within a levee district except those having an assessed valuation of $25,000,000 or more. There can be no peculiar characteristics with reference to the people inhabiting Washington County other and different from those who inhabit Coahoma or Hinds or Lauderdale counties. These counties mentioned are not, however, in the same arbitrary class as is set up here by the Legislature. Coahoma County, for instance, does not pay any cotton tax, while Issaquena County pays a cotton tax. Yet these counties, with similar environment and similar characteristics as to people and as to those things that are usually embraced in a class are the same. So, we can safely say that all members of a certain class are not embraced in this several times extended classification. (140 Miss. at 693, 106 So. at 275).
In the case now before us, the exclusion of a county intersected by U.S. Highway 84 and Interstate 59, and having two judicial districts, was, in effect, no different from excluding "a county named Jones." Obviously, the basis upon which it was sought to exclude Jones, as stated in section 8 of the Act, did not amount to a classification "germane to the subject matter of the legislation." The artificiality of the distinction is emphasized when it is considered that the proposal was to store gas underground in the depleted Eutaw Gas Pool of the Sharon Gas Field which lies partly in Jasper and partly in Jones County.
Appellants cite Board of Education v. State Educational Finance Commission, 243 Miss. 782, 138 So.2d 912 (1962), as supporting their contention that the section 8 exclusion of Jones County was not unconstitutional. *285 In Board of Education v. State Educational Finance Commission, supra, the Court dealt with an amendment to an act relating to school districts and pupil assignments in the school system. The amendment was as follows:
In cases involving two (2) counties, each of which is organized on the county-unit basis, where the students residing in one county have been attending and wish to continue attending the school situated in the adjoining county which children from their community have been attending for more than forty (40) years and where the county line lies within one thousand (1,000) yards of the school property, transfers may be granted for a period of time not to exceed five (5) years... . (243 Miss. at 804, 138 So.2d at 921).
It seems obvious that the amendment, in fact, was germane to the Act in that case, in the sense that it was "closely allied; appropriate; relevant." That Jones County had two judicial districts and that U.S. Highway 84 and Interstate 59 intersect it bears no identifiable or rational relationship whatever to the general provisions and purposes of Chapter 436 nor does it supply any reasonable basis for the exclusion of Jones rather than Jasper or any other county of the 82. Manifestly, the attempted exclusion was arbitrary and runs counter to every one of the four essential elements enumerated by the Ohio Court in State ex rel. Newell v. Brown, supra.
The provision of the Ohio Constitution, construed by the Ohio Court in Newell v. Brown, supra, states the proposition more succinctly, perhaps. But it is none the less clear from the quoted provisions of the Mississippi Constitution that it likewise imposes the restriction. Both Ohio and Mississippi Constitutions prohibit the enactment of a patchwork of local and private "county wide" laws, each applicable to one or more counties only, and exempting the rest, differing from county to county, without regard to any rational or even recognizable classification.
Finally, it is argued that using the depleted underground gas fields in Jones County would expose its citizens to "danger of explosions." Such a danger, if there is any, would not be peculiar to Jones County but would exist in any county where gas is stored under the provisions of Chapter 436. After all, storing natural gas in the natural underground spaces from which the natural gas which had formerly reposed there has been exhausted, is merely to restore a condition that had existed for centuries.
We have concluded, and so hold, that the circuit court correctly declared section 8 of Chapter 436 of the Laws of Mississippi of 1971, purporting to exclude Jones County from the general Act, unconstitutional and void.
Section 9 of the Act expressly provides that if any part of the Act should be declared unconstitutional, the remainder of the Act shall continue to be valid, and this decision, therefore, shall not be construed as affecting the other provisions of the Act. The order of the circuit court appealed from is affirmed and the case is remanded to the State Oil and Gas Board, there to be dealt with in accordance with the provisions of Chapter 436 of the Laws of Mississippi of 1971, and in a manner not inconsistent with this opinion.
Affirmed and case remanded to State Oil and Gas Board to be dealt with in accordance with the provisions of Chapter 436 of the Laws of Mississippi of 1971, in a manner not inconsistent with this opinion.
The case was considered by a conference of the Judges en banc.
All Justices concur.