346 So.2d 377 (1977)
Lottie W. ROLPH, Plaintiff-Appellant,
v.
BOARD OF TRUSTEES OF FORREST COUNTY GENERAL HOSPITAL, Defendant-Appellee.
No. 49324.
Supreme Court of Mississippi.
May 25, 1977.
Rehearing Denied August 10, 1977.
Holmes, Dukes & Welborn, Hattiesburg, Smith, Smith, Tate & Stuart, E.C. Stuart, Jr., David R. Smith, Poplarville, for plaintiff-appellant.
*378 Heidelberg, Sutherland & McKenzie, Francis McRae Turner, III, R.W. Heidelberg, James F. McKenzie, Hattiesburg, for defendant-appellee.
Before PATTERSON, P.J., and ROBERTSON and BROOM, JJ.
PATTERSON, Presiding Justice, for the Court:
Lottie Rolph filed a declaration in the Circuit Court of Forrest County seeking damages against the Board of Trustees of the Forrest County General Hospital for alleged negligence under the principle of respondeat superior. Answering, the defendant interposed a plea of governmental immunity. Accordingly, the circuit court judge sustained the defendant's plea and entered a final judgment dismissing Ms. Rolph's claim with prejudice thus giving rise to this appeal.
Specifically, the appellant contends that House Bill No. 1205, Chapter 723, Laws of Mississippi, 1971, the nucleus of the lower court's decision, is violative of Article 4, Section 87 of the Mississippi Constitution (1890) and therefore application of the general law providing for liability of such institutions to the extent of liability insurance procured, Mississippi Code Annotated section 41-13-37 (1972), requires that her case be heard on the merits. Predictably, the appellee argues that the subject bill is constitutional, specific and thus dispositive.
To determine the legal viability of Ms. Rolph's claim, it is necessary to examine chronologically the various relevant statutes. During an Extraordinary Session, the legislature enacted Senate Bill No. 1229, Chapter 89, Laws of Mississippi, 1953, entitled, "An Act to Authorize the Board of Trustees of Forrest County General Hospital to Obtain and Pay for Liability Insurance." However, No. 1229 expressly "retained and recognized" sovereign immunity. Subsequently, House Bill No. 1205, Chapter 723, Laws of Mississippi, 1971, entitled, "An Act to Amend Chapter 89 of the Mississippi Laws of the Extraordinary Session of 1953 so as to Authorize and Empower the Board of Trustees of Forrest County General Hospital to waive the Immunity of said Hospital and Said Board of Trustees from Suit for Negligent, Tortious or Unauthorized Acts of its Agent, Servants or Employees under Certain Circumstances and to Establish Procedure for and Limitations of such Waiver of Immunity," was passed. No. 1205 also "retained and recognized" the immunity attendant state agencies. These legislative acts are unquestionably specific and particular in that both encompass only the liability of the Forrest County General Hospital. They were intended and are local and private acts.
The legislature passed during the intervening time two statutes of general or statewide application dealing with county hospitals, their ability to procure liability insurance and immunity from suit. Mississippi Code Annotated section 41-13-11 (1972), first enacted in 1954, essentially duplicated Senate Bill No. 1229, Chapter 89, Mississippi Laws, 1953; Mississippi Code Annotated section 41-13-37 (1972), enacted the same date as Section 41-13-11, as relevant, provides:
The board of trustees ... shall have the further power and authority, in its discretion, to take adequate liability insurance on the operation of said hospital and, if liability insurance is in effect, may be sued by anyone affected to the extent of such insurance carried. However, immunity from suit is only waived to the extent of such liability insurance carried... .
Thus it is that House Bill No. 1205, Chapter 723, Laws of Mississippi, 1971, and its progenitor, Senate Bill No. 1229, Chapter 89, Laws of Mississippi, 1953, provided an exception to the general law in favor of Forrest County. Specifically, the act of procuring insurance was alone sufficient in 81 counties to effect a qualified waiver of immunity whereas once insured, House Bill No. 1205 empowered the Board of Trustees of Forrest County General Hospital to waive its immunity from suit in those cases which the board determined to have merit and would be "in the best interest of the hospital."
*379 Article 4, Section 87, of the Mississippi Constitution (1890) provides:
No special or local law shall be enacted for the benefit of individuals or corporations, in cases which are or can be provided for by general law, or where the relief sought can be given by any court of this state; nor shall the operation of any general law be suspended by the legislature for the benefit of any individual or private corporation or association, and in all cases where a general law can be made applicable, and would be advantageous, no special law shall be enacted.
In Smith v. Transcontinental Gas Pipeline Corp., 310 So.2d 281 (Miss. 1975), where a local and private act in effect constituted an exception to the general law in favor of Jones County contrary to Section 87, we held:
... Both Ohio and Mississippi Constitutions prohibit the enactment of a patchwork of local and private "county wide" laws, each applicable to one or more counties only, and exempting the rest, differing from county to county, without regard to any rational or even recognizable classification. (310 So.2d at 285)
The differing treatment occasioned by the statutes here under scrutiny must stand constitutional muster as required in Smith, supra.
It cannot be doubted that the legislature has as its prerogative the power to control the substantive law applicable to liability in tort for negligence. This does not, however, mean that the consequent statutes may effectuate this purpose with an uneven hand. What rational justification exists for the differing treatment set forth in House Bill 1205 when there are no peculiar characteristics with reference to the people inhabiting Forrest County other and different from those who inhabit the remaining 81 counties, with similar environment and similar characteristics as to people and when they, as to those things that are usually embraced in a class, are the same? The necessary answer is none.
Accordingly, we find House Bill 1205 to be an impermissible "countywide" law of the genre forbidden by Article 4, Section 87, of the Mississippi Constitution (1890) and further, that application of the general law, Mississippi Code Annotated section 41-13-37 (1972), is required. The judgment dismissing the appellant with prejudice is reversed and the cause remanded for trial on the issue of negligence with recovery circumscribed by the policy limits as provided in the statute.
Because we are of the above opinion, consideration of the appellant's additional assignments of error is unnecessary, particularly in view of Berry v. Hinds County, 344 So.2d 146 (Miss. 1977).
REVERSED AND REMANDED.
GILLESPIE, C.J., INZER, P.J., and SMITH, ROBERTSON, SUGG, WALKER, BROOM and LEE, JJ., concur.