## IN THE SUPREME COURT OF MISSISSIPPI

### NO. 97-CA-01474-SCT

*DOUGLAS CROKE, GEORGE JOHNSON, GRANVILLE A. PEPPER, WILLIAM TURNER, INDIVIDUALLY AND ON BEHALF OF LANDOWNERS WITHIN SOUTHGATE SEWER DISTRICT*

*v.*

*LOWNDES COUNTY BOARD OF SUPERVISORS AND SOUTHGATE SEWER DISTRICT AND ITS BOARD OF COMMISSIONERS*

| | |
|---|---|
| DATE OF JUDGMENT: | 10/22/97 |
| TRIAL JUDGE: | HON. JOHN MONTGOMERY |
| COURT FROM WHICH APPEALED: | LOWNDES COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | DAVID C. OWEN |
| | THOMAS L. KESLER |
| ATTORNEY FOR APPELLEES: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: RICKEY T. MOORE |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED - 03/18/99 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 4/14/99 |

EN BANC.

SULLIVAN, PRESIDING JUSTICE, FOR THE COURT:

### STATEMENT OF THE CASE

¶1. On December 18, 1995, Appellants Douglas Croke, George Johnson, Granville A. Pepper, and William Turner (the landowners), all residents of Lowndes County, Mississippi, filed a Bill of Exceptions and Complaint for Declaratory Relief on behalf of all residents or landowners located within the sewer district known as Southgate Sewer District. These landowners sought judicial review of certain actions of the Lowndes County Board of Supervisors and a declaration that the local and private law which created the Southgate Sewer District, House Bill 1577, 1991 Miss. Local & Priv. Laws Ch. 838 [House Bill 1577], is unconstitutional.

¶2. The matter was submitted to the Circuit Court of Lowndes County, Mississippi, on stipulated facts for a

bench decision on disputed applications of law. On October 23, 1997, the Circuit Court of Lowndes County, Circuit Judge John M. Montgomery presiding, entered its Findings of Fact and Conclusions of Law and its Order dismissing the case with prejudice.

¶3. The landowners appeal and raise the following issues:

(1) Whether House Bill 1577 is an unconstitutional local and private bill depriving the residents of Southgate Sewer District of substantial rights secured by the general laws; and

(2) Whether the original Use Ordinance passed by the Defendant Board of Supervisors in 1994, and the Amended Use Ordinance passed by said Board in 1995, are unconstitutional as applied to the defendants.

## STATEMENT OF THE FACTS

¶4. The following is a summation of the facts stipulated by the parties:

During the 1991 Legislative Session, the Mississippi Legislature passed House Bill 1577, 1991 Miss. Local & Priv. Laws Ch. 838, creating the Southgate Sewer District, a single purpose sewer district. That bill also granted all of the necessary powers for the operation of the district. In 1991, pursuant to the terms of House Bill 1577, the Lowndes County Board of Supervisors appointed five commissioners to oversee the district. The board failed to publish a notice or declaration of commencement within thirty (30) days of those appointments; however in July 1992, a notice or declaration of commencement was published and a hearing held. In March of 1994, the Southgate Sewer District passed an ordinance requiring mandatory hook-up of all owners of land upon which a residence or business was located within 100 feet of the property line. The ordinance also provided that failure to do so would be a misdemeanor. In April of 1994, the ordinance was adopted as an ordinance of Lowndes County by the Lowndes County Board of Supervisors. Because of difficulties or discrepancies in the ordinance thereafter came to light, an amended sewer ordinance was passed and adopted by the district on December 8, 1995. This amended ordinance contains the following provisions: Article I: defines various terms used in the body of the ordinance. Article II: requires that the public sewers be used. Specifically, Section III prohibits constructing or maintaining a private system for the "disposal of sewage" in place of using the public sewers. Section IV makes it mandatory for the owner of all structures occupied by humans at any time to construct toilet facilities herein and to connect to the sewer system within 90 days after official notice, provided that the sewer system is within 100 feet of the subject property line. Article III: provides for private disposal where access is not available to the sewer system; requires a permit from Southgate; requires inspection by Southgate; requires connection to the public sewer system if access is available in the future. Article IV: addresses building sewers and connections. Article V: addresses limitations on the use of the public sewers. Article VI: prohibits malicious, willful, or negligent damage to the sewer works by unauthorized persons. Article VII: outline the powers and authorities of inspectors. Article VIII: provides misdemeanor penalties for violation of the provisions of the ordinance, up to one hundred dollars ($100) per day. Article IX: repeals any prior ordinances and provides that the invalidity of any section, clause, sentence or provision of the ordinance shall not affect the validity of any other parts of the ordinance that can be given effect without the invalid parts.

¶5. On December 8, 1996, the Board of Supervisors enacted an "Amended Sewer Use Ordinance of the

Board of Supervisors" preceded by the following language:

> AN ORDINANCE ESTABLISHING A GRAY-WATER COLLECTION SYSTEM AND REGULATING THE USE OF PUBLIC AND PRIVATE SEWERS AND DRAINS, PRIVATE SEPTIC DISPOSAL, THE INSTALLATION AND CONNECTION OF BUILDING SEWERS, AND THE DISCHARGE OF GRAY WATER INTO THE PUBLIC SEWER SYSTEM(S): AND PROVIDING PENALTIES FOR VIOLATIONS THEREOF: FOR THE SOUTH GATE SEWER DISTRICT IN LOWNDES COUNTY MISSISSIPPI.

> Be it ordained and enacted by the President and Board of Supervisors of Lowndes County, Mississippi, that a "Gray-Water" Collection System shall be established. . . .

## LEGAL ANALYSIS

¶6. Here, the facts were stipulated by the parties, and the lower court was asked to apply the correct law. Since questions of law are all that remain at issue, the Court will apply a *de novo* standard of review. ***Estate of Bodman v. Bodman***, 674 So. 2d 1245, 1248 (Miss. 1996).

¶7. This appeal requires the Court to review the constitutionality of House Bill 1577 as well as the constitutionality of ordinances passed by the Board of Supervisors of Lowndes County and Southgate Sewer District. The landowners ask this Court to declare Article II, Section III of House Bill 1577 unconstitutional as applied to the facts of this case pursuant to the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and Article 3, Section 14 of the Mississippi Constitution of 1890.

¶8. The landowners claim that the Lowndes County Board of Supervisors has made it criminal conduct to have a septic tank within the Southgate Sewer District, punishable by a fine of one hundred dollars, with each day of violation being a separate offense. They claim it is also a crime to refuse to subscribe and connect to the Southgate system, punishable by a fine of one hundred dollars, each day of violation being a separate offense. They further contend that to connect to the Southgate system, one must have a septic tank. Thus, they argue it is impossible for residents of the district to obey the law with these inconsistent provisions.

¶9. According to the landowners, the original use ordinance contemplated a sewage system that would eliminate the need for residents to maintain any septic tanks. The original use ordinance defined "sewage works" as a system that would collect and subsequently <u>treat</u> sewage. Sometime after the use ordinance was passed, the landowners learned that the system under construction would not eliminate the need for septic tanks, but would only <u>collect</u> and <u>drain</u> the discharge from operable septic tanks.

¶10. According to the landowners, some district residents pointed this problem out to the Board of Supervisors, and in response, the Board of Supervisors enacted the amended ordinance. However, the amended ordinance never defined "gray-water collection system" and its provisions remain almost identical to those in the original ordinance. For example, the amended ordinance contained the identical provision defining "sewage works" as "all facilities for collecting, transporting, pumping, <u>treating</u>, and disposing of sewage." (emphasis added). Yet, the landowners complain the system that was actually constructed by the Southgate Board does not treat sewage, but merely drains liquids from septic tanks after the waste is treated within the septic tank.

¶11. In response, the Lowndes County Board of Supervisors argues the circuit court correctly held the Board of Supervisors has the power and authority to enact the ordinance at issue and to impose misdemeanor penalties for failure to comply with the ordinance. In support of this argument, the Board of Supervisors cites *Lepre v. D'Iberville Water & Sewer Dist.*, 376 So. 2d 191, 195 (Miss. 1979) (holding the court had the authority to compel the property owner to connect to the water district's system and pay all back service charges which had accrued); *Hutchinson v. City of Valdosta*, 227 U.S. 303, 308 (1913) (stating "[i]t is the commonest exercise of the police power of a state or city to provide for a system of sewers, and to compel property owners to connect therewith"); and *Sanitation Dist. No. 1 of Jefferson County v. Campbell*, 249 S.W.2d 767 (Ky. 1952) (compelling property owners with septic tanks to connect to the publicly maintained sewage system).

¶12. According to the Board of Supervisors, the circuit court correctly concluded that when the entire amended ordinance is read in context there is no conflict in its provisions. Specifically, the Board claims the ordinance requires the construction of toilet facilities and connection to the sewer system if it is within one hundred feet of the property line but prohibits the construction and maintenance of a private system for the "disposal of sewage" as an alternative to using the public sewer unless the sewer system is not within one hundred feet of the property line.

¶13. The law in this State is well-established that a local utility district may, consistent with the state constitution, be organized and exist under a local and private law even when there is a general law respecting organization and existence of such district, as long as (1) the local and private act furthers the same general purposes and policies as the general act, and (2) any differences between the two are primarily procedural or otherwise relatively minor. *See In Re Validation of $7,800,000 Combined Utility System Revenue Bond,* 465 So. 2d 1003 (Miss. 1985). As the Court stated therein:

> Under our constitutional scheme, there is no prohibition upon the Legislature's enacting upon a given subject matter by both a general law and a local and private law. This is particularly so where the object and purpose of each act is consistent with the other and where the differences between them are primarily procedural or minor.

*Id*. at 1016 (footnote omitted).

¶14. The landowners concede both laws further the same general purposes, sanitary disposal of waste. However, they argue that House Bill 1577 fails the second part of the *Re Validation* test because it is not substantially similar to the general law enacted in 1972 governing the creation of water, sewer, garbage disposal and fire protection districts. See Miss. Code Ann. §§ 19-5-151 to 19-5-207 (1995). Theey assert that the general law recognizes that the creation of a district impacts landowners within the proposed district in the form of additional taxes, bond indebtedness, assessments, and encumbrance of private property. The general law provides a process for public input, public hearings, and if a sufficient number of electors desire, an election to decide the issue. House Bill 1577 circumvents these valuable rights.

¶15. The landowners also argue that the procedure for establishing a district as set out in the general law is significantly different from that provided in House Bill 1577. Section 19-5-155 provides for a public hearing on the questions of public convenience and necessity, and Section 19-5-157 provides that the Board of Supervisors shall have an election on creation of the district on the petition of the lesser of twenty percent or one hundred fifty of the qualified electors of the proposed district. In contrast, House Bill 1577 makes a legislative determination that there is a necessity for the Southgate Sewage district and the rights of

landowners secured by the general law are bypassed completely. Thus, the landowners argue that the denial of the right to notice, hearings and ultimately an election cannot be considered a minor or primarily procedural difference.

¶16. Citing *Rolph v. Board of Trustees of Forrest County General Hospital*, 346 So. 2d 377 (Miss. 1977), for the proposition that pursuant to the rule of constitutional proportions, local and private county-wide laws applicable to one county while exempting the other eighty-one counties are prohibited absent some rational basis, the landowners argue there is no rational explanation why the general law was insufficient for the creation of the Southgate Sewer District. They further note that the Board of Supervisors never attempted to demonstrate any rational basis for the differences in the general law and House Bill 1577.

¶17. This Court finds the circuit court properly held House Bill 1577 meets both requirements for constitutionality under the *In Re Validation* test. First, as conceded by the landowners, House Bill 1577 furthers the same general purposes and policies as the general law codified in Miss. Code §§ 19-5-151 to 19-5-207. Second, the differences between House Bill 1577 and the general law are primarily procedural or otherwise relatively minor. These differences do not concern the operation of a sewer district but simply the method for determining that a sewer district is needed. The general law provides for a petitioning procedure which allows area residents to establish a sewer district. Through House Bill 1577, the Legislature determined that such a district is necessary.

¶18. Furthermore, the landowners' reliance on *Rolph* is misplaced. *Rolph* is factually distinguishable from the case *sub judice* as it involved an attempt by the Legislature to create different substantive rules with respect to the power of Forrest County General Hospital to waive governmental immunity- rules differing from those in force in the rest of Mississippi. In *Rolph*, the Court held that such a distinction between Forrest County and the other eighty-one counties in the State was not rational and such a "countywide" law was unconstitutional. Also, *Rolph* involved an issue of substantive law, not procedural law as in the instant case.

¶19. Furthermore, statutes are presumed constitutional, and the burden is on the party challenging the constitutionality of a statute to demonstrate beyond all reasonable doubt that the legislation is unconstitutional. *State v. Mississippi Ass'n of Supervisors, Inc.*, 699 So.2d 1221, 1223 (Miss. 1997). Thus, the burden falls on the landowners, not the Board of Supervisors, to demonstrate the Legislature's determination that there was a need for the sewer district created in House Bill 1577 was not rational. The landowners have failed to satisfy this burden.

¶20. The landowners' allegation that Article II, Section III of the Amended Ordinance is unconstitutional is rejected because the landowners are reading this provision out of context. This specific provision is found under the heading Article II USE OF PUBLIC SEWERS REQUIRED and reads as follows:

Except as hereinafter provided, it shall be unlawful to construct or maintain any privy, privy v4let, septic tank, cesspool, or other facility intended or used for the disposal of sewage.

The following provision, Article II, Section IV, requires hook-up to the public sewer. Thereafter, Article IV addresses PRIVATE SEWAGE DISPOSAL, which is the exception referred to in Article II, Section III.

¶21. The circuit court properly concluded that when Article II, Section III is read in context it becomes

clear that Section III only prohibits constructing or maintaining a private system for the "disposal of sewage" versus connecting to the grey water system for the "disposal of sewage" unless the location is subject to an exception as spelled out in Article IV. The circuit court also correctly found this conclusion is further supported by the following: (1) Article II, Section III was clearly not intended to subject anyone to a misdemeanor for simply constructing or maintaining a septic tank because (a) it is necessary to have such a facility in order to hook-up to the grey water system and (b) there is no allegation or evidence that either Southgate or the Board of Supervisors has ever enforced or attempted to enforce such an interpretation of this provision, and (2) there is no controversy before the court in this regard because there has never been an attempt or threat to subject any individual to this part of the amended ordinance.

## CONCLUSION

¶22. In this appeal, the landowners challenge the constitutionality of House Bill 1577 and certain ordinances passed by the Board of Supervisors of Lowndes County.

¶23. We say only that the constitutional requirements have been met.

¶24. **AFFIRMED**.

**PITTMAN, P.J., BANKS, McRAE, SMITH, MILLS AND WALLER, JJ., CONCUR. PRATHER, C.J., NOT PARTICIPATING.**