VARDAMAN *et al. v.* McBEE.

(In Banc. April 9, 1945.)

[21 So. (2d) 661. No. 35825.]

Means Johnston, of Greenwood, for appellants.

**A. H. Bell** and **Littleton Upshur,** both of Greenwood, for appellee.

Argued orally by **R. Cunliffe McBee** and **Littleton Upshur**, for appellee.

**L. A. Smith, Sr., J.,** delivered the opinion of the court.

This case is before us 'on an appeal from the Circuit Court of Leflore County in a suit for a writ of mandamus filed by appellee to require appellants to continue to pay his salary as County Prosecuting Attorney of Leflore County as a Class 2 county, and in accordance with a contract between the County and appellee entered into on January 3rd, 1944, by and between appellants as composing the Board of Supervisors and appellee as County Prosecuting Attorney of said county.

Appellee regularly received his monthly salary as such officer on this basis during the year 1944, until appellants refused to pay the bill for appellee's salary for August, 1944, for the reason that they had received advice to the effect they could not lawfully do so, because the contract was invalid, since the current assessment of Leflore County showed it to be a Class 3, instead of a Class 2, county, and that Chapter 192, Laws 1944, under the authority of which the contract was made, was unconstitutional. So appellants, rejecting appellee's claim for salary in accordance with the aforesaid contract, offered him the maximum salary permitted to be paid by Class 3 counties to County Prosecuting Attorneys, which offer appellee

declined to accept, and stood on the contract. Thereupon he filed this petition for mandamus to require, as stated, appellants to pay him according to the contract aforesaid, contending that the contract was valid, and, under the law, Leflore County was still a Class 2 county, and that Chapter 192, Laws 1944, was not violative of the Constitution and that appellants should be required to pay him according to the contract.

To this petition appellants filed a general demurrer on the grounds (1) the petition for mandamus failed to state a cause of action; (2) the order of the Board granting salary in Class 2 to appellee was void; (3) that Section 2, Chapter 192, Laws 1944, was unconstitutional and void, being violative of Section 90, Subsection (o), Constitution 1890. This demurrer was overruled, and appellants having declined to plead further, the prayer for a writ of mandamus was granted as prayed for, and the Supervisors appealed here.

Section 90, Subsection (o) of the Constitution of 1890, is as follows:

"The legislature shall not pass local, private, or special laws in any of the following enumerated cases, but such matters shall be provided for only by general laws, viz.:

. . .

"Creating, increasing, or decreasing the fees, salary, or emoluments of any public officer."

Chapter 192, Laws 1944, is amendatory of Section 6498 of Chapter 161, Code of 1930, and divides all the counties of the State into eight classes. Class 2 is defined as composed of all counties in which the assessed valuation equals and exceeds $20,000,000 and is less than $25,-000,000. Class 3 is defined as composed of all counties in which the assessed valuation equals and exceeds $15,000,-000, and is less than $20,000,000. This act provides that in counties producing oil, it should be considered in fixing the assessed valuation of the county, and that "any county which may have its class changed to a higher class shall remain in its original class by reason of the actual

value of oil as above provided until after the succeeding January 1st, then be classed according to such new assessment.''

The section of the act which is challenged, as violative of the Constitution, by the demurrer is Section 2 thereof, reading as follows: ''Nothing in this act shall be construed to lower the classification of any county from the classification it had under the assessment of 1930.''

Section 6498, of Chapter 161, Code 1930, amended by Chapter 192, Laws 1944, supra, also divided all the counties of the State into eight classes. Class No. 2 was defined as composed of all counties having the assessed valuation equal to and in excess of $20,000,000 and less than $25,000,000. Class No. 3 was defined as composed of all counties having the total assessed valuation equal to and in excess of $15,000,000 and less than $20,000,000. This section contained a provision to the effect that any county which by a new assessment might have its class changed to a lower class should remain in its original class until the succeeding January 1st, then be classed according to its new assessment. A like provision was therein also as to the elevating of the class of a county by a new assessment, and the like provision made as to the date of its effectiveness in lowering the class of the county.

Chapter 193, Laws 1932, fixed the salary of County Prosecuting Attorneys for Class 2 counties at not more than $1,800, nor less than $1,200, and for Class 3 counties at not more than $1,400 and not less than $800. It also provided that in counties having a county court the above salaries could be supplemented by proportionate sums set forth, according to classification. This act, in its caption, purports to amend many statutes of Chapter 161, Code 1930, but Section 6498, supra, is not enumerated among the statutes amended. Section 13 of the Act, however, contains the following: ''Provided, however, the classification of counties shall be based upon the total assessed valutions of all property in each county including real,

personal and public service corporations as assessed during the year 1930.''

Section 6498, Code 1930, is now Section 4159 of Chapter 12, Code 1942, and divides all of the counties of the State into eight classes, also. Class No. 2 is defined as composed of all counties in which the assessed valuation equals and exceeds $20,000,000 and is less than $25,000,000. Class No. 3 is defined as composed of all counties in which the assessed valuation equals and exceeds $15,000,000 and is less than $20,000,000. This statute contained the same rule of classification in case of rising or falling assessed valuations as was in Section 6498, Code 1930.

Section 4164 of Chapter 12, Code 1942, provides for the annual salary of County Prosecuting Attorneys (no salaries being fixed by Chapter 192, Laws 1944), the same to be fixed by the Board of Supervisors of the counties on the basis of the classifications of the counties. In Class 2 counties, not more than $1,800 and not less than $1,200; in Class 3 counties, not more than $1,400 and not less than $800; and in counties having a County Court, in Class 2 counties $400, and Class 3 counties $300, additional annual salary may be paid, in the discretion of the Board of Supervisors to County Prosecuting Attorneys.

It will be borne in mind that the assessed valuation of Leflore County in 1930 was over $20,000,000 and under $25,000,000, while on January 3rd, 1944, the date of appellee's contract, it was under $20,000,000 but over $17,000,000. In other words, by the 1930 assessed valuation it is a Class 2 county, and would have descended to a Class 3 county but for Section 2 of Chapter 192, Laws 1944, providing that nothing in the act shall be construed to lower the classification of any county from the classification it had under the assessment of 1930. This retention of the 1930 assessed value as the measurement of the lowering of the counties in classifications, appellant contends, as stated, was violative of the section of the Constitution aforesaid against creating, increasing or

decreasing the fees, salary, or emoluments of any public officer.

In the briefs, it appears probable that the advice to appellants to discontinue payment to appellee of a salary based on the continued classification of Leflore County in Class 2 was because of the decision of this Court in Barnett, State Auditor, v. Woods et al., 196 Miss. 678, 18 So. (2d) 443, 445. Appellants, after the rendition of the opinion in that case, were advised that Section 2, Chapter 192, Laws 1944, violated the Constitution, Section 90, Subsection (o), Section 4159, Code 1942, formerly Section 6498, Code 1930, was in as full force and effect as if the Legislature had not passed the 1944 Act. However, a careful reading of the decision in the Barnett case will reveal that it did not hold Section 13, Chapter 193, Laws 1932, supra, violated the Constitution, although there was some discussion of the question in the course of which, among other things, the court said: ''In view of the fact that when this Act of 1932 was passed, the assessment for the then current year had been neither made nor approved, it was a reasonable exercise of legislative power to use the 1930 assessment for said current year in fixing the salaries of the county officers and to leave Section 6498, Code of 1930, in full force and effect as a guide for future years. And, it is the duty of the court to construe this subsequent Act in connection with said Section 6498 of the Code, the latter never having been expressly repealed or amended, and to 'bring it into harmony with the constitution by restricting its application to the legitimate field of legislation, whenever necessary . . . to uphold its constitutionality and carry its provisions into effect,' as held in Russell Inv. Corp. v. Russell, 182 Miss. 385, 178 So. 815, 182 So. 102, 107, and the decisions therein cited.'' The trial court had held Section 13, Chapter 193, Laws 1932, unconstitutional.

Chapter 192, Laws 1944, was passed, as shown in the caption, ''to amend section 6498 of chapter 161 of the Mississippi code of 1930 so as to permit counties in which

oil is produced to add the value of such oil to the assessed valuation of other property therein for classification purposes," etc. In Toombs v. Sharkey, 140 Miss. 676, 106 So. 273, 274, referred to in the Barnett case, supra, Chapter 211, Laws 1924, was held violative of the constitutional provision involved here because the differential of the classification was in part based on being "in a levee district, where a cotton tax is imposed for levee purposes", because the classification was not based on any distinction between counties germane to the purpose of the law, and having no relation to the salary of county attorneys, upon whom no special duty with reference to such tax was enjoined by law. The requirement of an act basing classification in part on the requisite of having a municipality of at least 5,000 population by the census was held unconstitutional as not germane, although the act otherwise was upheld. State v. Speakes, 144 Miss. 125, 109 So. 129. Penalties on manufacturers for certain derelictions were held unconstitutional because they alone were penalized, without the imposition of like penalties on other delinquents similarly situated. Sorenson v. Webb, 111 Miss. 87, 71 So. 273.

The statute regulating barbers was attacked as unconstitutional as not being uniform in its application in that it exempted from its operation beauty parlors and barbers in towns of less than 500 population. This court in the opinion said: "It has been too often held that the Legislature has wide discretion, and, if the classification is reasonable and embraces all of those of the class therein, then the law is general, not local, and the classification has a reasonable relation to the purpose sought to be attained—in other words, the classification must be germane to the subject-matter of the legislation. . . . The thing to look at is the object to be accomplished, and whether or not the classification is reasonably expected to attain that object and is germane thereto. . . . Whether the legislation is wise or unwise, politic or impolitic, is not a question for the court, but exclusively one

for the Legislature. It is not the province of the courts to put the Legislature in a strait-jacket, or unduly limit the police power of a state so necessary in a democratic form of government.'' Clark v. State, 169 Miss. 369, 152 So. 820, 823.

Class legislation, also often called local or private legislation, is legislation limited in operation to certain persons or classes of persons, natural or artificial, or to certain districts of the territory of the State, and statutes which make unreasonable or arbitrary classifications or discriminations violate provisions of Constitutions prohibiting special laws granting any special or exclusive privileges, immunities, or franchises, or passed for the benefit of individuals inconsistent with the general law of the land. 12 C. J., Sec. 855, p. 1128; 16 C. J. S., Constitutional Law, Sec. 489.

It is said in Ruling Case Law, ''Where a law is broad enough to reach every portion of the state and to embrace within its provision every person or thing distinguished by characteristics sufficiently marked and important to make them clearly a class by themselves, it is not a special or local, but a general, law, even though there may be but one member of the class or one place on which it operates.'' 25 R. C. L., p. 815, Sec. 66, cited with approval in Toombs v. Sharkey, supra.

Section 103 of the Constitution of 1890 provides, among other things, that ''the legislature shall provide suitable compensation for all officers.'' This provision gives wide discretion to the Legislature in fixing fees and salaries for public officers, the exercise of which discretion requires some basis or standard, reasonably stable. In adopting Section 13 of Chapter 193, Laws 1932, and Section 2 of Chapter 192, Laws of 1944, it must be presumed the Legislature had a purpose. If that purpose were reasonable, not arbitrary, germane to the end sought to be accomplished, and bore a reasonable relation thereto, the act must be construed as authorized by the Constitution. This act applied to all counties within the State; to all county of-

ficers within the State as appears from Chapter 161, Code 1930, and Chapter 12, Code 1942; was part of the general scheme for classification of counties for the purpose of regulating salaries, which classification is based on assessed valuations. The Legislature was required to fix suitable compensation for public officers and while they selected a definite standard as a basis below which the classification should not descend, it was not an arbitrary one. By so doing, stabilization of compensation could be and was achieved in so far as minimum compensation is concerned, a very important consideration to be contemplated by capable men. Public service should attract capable men, thereby contributing to the efficiency of government and the welfare of the people. We think, therefore, that Section 2 of Chapter 192, Laws 1944, is constitutional and is reasonable, not arbitrary, and is germane to the end sought to be accomplished, and bears a reasonable relation to achievement of a purpose to promote efficiency in government.

The Section of Chapter 192, Laws 1944, dealing with raising classification of counties that should become producers of oil, is not before us, as nothing in the record reflects any evidence that Leflore County is an oil producing county, and hence the question at issue does not involve that element.

We, therefore, think the trial court was right both on the law and the facts, and in overruling appellants' demurrer, and granting judgment for appellee, and such action of the court must be and is affirmed.

Affirmed.