365 So.2d 947 (1978)
Mrs. Bobby LOVORN, Sammy Carter, Joe Goodin, J.D. Eaves and Prentiss Carter
v.
Ralph HATHORN, Mayor of Louisville, et al.
No. 49446.
Supreme Court of Mississippi.
October 4, 1978.
As Corrected On Denial of Rehearing January 10, 1979.
Laurel G. Weir, Philadelphia, for appellants.
Fair & Mayo, James Mayo, Louisville, William A. Allain, Jackson, Frank Deramus, Louisville, for appellees.
Sara E. Gallaspy, Jackson, amicus curiae brief for Mississippi Municipal Association.
En Banc.
LEE, Justice, for the Court:
Mrs. Bobby Lovorn, et al., filed their bill of complaint against Ralph Hathorn, Mayor of Louisville, et al., in the Chancery Court of Winston County, seeking a mandatory injunction to enforce the election of a five-member school board for the Louisville Municipal Separate School District. The chancellor entered a decree dismissing the bill and complainants below appeal and assign the following errors in the trial:
(1) The chancellor erred in holding Mississippi Code Annotated Section 37-7-203 (1972) to be unconstitutional.
(2) The chancellor erred in holding that the constitutional rights of appellant were not being violated under the one-man one-vote principle.
(3) The chancellor erred in amending his decree after an appeal had been perfected to the Mississippi Supreme Court.
Since July 1, 1960, Louisville Municipal Separate School District has covered all of Winston County and has been the only school district in said county. Twenty-six hundred seventy-five (2,675) pupils outside the Louisville city limits and fourteen hundred eighteen (1,418) pupils inside the city limits attend the schools of said district. The population of Winston County is approximately eighteen thousand four hundred six (18,406) of which number approximately seven thousand (7,000) live within the City of Louisville. Taxes in the school district are assessed and collected by the Louisville City Tax Assessor and Collector, and the school district has issued negotiable bonds for the purpose of funding construction and maintenance of the schools. School taxes collected inside the city amount to two hundred ninety-four thousand nine hundred sixty-four dollars three cents ($294,964.03) and said taxes collected outside the city amount to two hundred *948 fifty-five thousand eight hundred twelve dollars twenty-four cents ($255,812.24). There are fifty-two (52) municipal separate school districts in Mississippi and at least forty-eight (48) such districts have territory located outside the municipality which is embraced within the school district.
Since 1960, the Board of Trustees of Louisville Municipal Separate School District has been composed of five (5) members, three (3) of which are appointed by the governing authorities of the City of Louisville, and two (2) of which are elected by the qualified electors of the school district outside the city. That part of Mississippi Code Annotated Section 37-7-203 (1972) as amended, which applies to this suit provides: "... in any county in which a municipal separate school district embraces the entire county in which Highways 14 and 15 intersect, one (1) trustee shall be elected from each supervisors district." (Emphasis added).
It is not disputed that the underscored phrase applies only to Winston County. Appellants' suit was brought to enforce election of one (1) trustee from each supervisor's district. They also contend that the method of selecting trustees for said municipal separate school district violates the one-man one-vote rule and that the right of individuals residing outside the Louisville city limits to vote for trustees was being unconstitutionally diluted in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. The chancellor found the quoted part of the statute to be in violation of Section 90, Mississippi Constitution 1890, and unconstitutional. He also held that the one-man one-vote rule was inapplicable to the present case.

I.
Did the chancellor err in holding Mississippi Code Annotated Section 37-7-203 (1972), as amended, to be unconstitutional?
The basis of the chancellor's ruling is that the part of said statute referring to Highways 14 and 15 bears no rational relationship to the means of electing trustees in the school district, that it could not apply to any county except Winston County and that it is a local and private law in violation of Section 90(p), Mississippi Constitution 1890, which follows:
"Section 90. The legislature shall not pass local, private or special laws in any of the following enumerated cases, but such matters shall be provided for only by general law, viz:
* * * * * *
(p) Providing for the management or support of any private or common school, incorporating the same or granting such school any privileges; ..."
We held in Wilson v. Jones County Board of Supervisors, 342 So.2d 1293 (Miss. 1977), where the statute under consideration involved levying an additional two-mill tax in a county having a population in excess of fifty-nine thousand five hundred forty (59,540) and being traversed by U.S. Highway 11 which intersected U.S. Highway 84 (Jones County), that the classification must bear a rational relationship to the purpose of the section. We said:
"It is the Court's duty in passing on the constitutionality of a statute to separate the valid from the invalid part, if this can be done, and to permit the valid part to stand unless the different parts of the statute are so intimately connected with and dependent upon each other as to warrant a belief that the legislature intended them as a whole, and that if all cannot be carried into effect it would not have enacted the residue independently. [Citing cases].
* * * * * *
... We are therefore led to the inescapable conclusion that the legislature would have enacted the valid part of the statute independently of the invalid part because this is precisely what it did. The invalid part of the statute may be separated from the valid part and stricken out leaving a complete and consistent plan whereby counties may levy additional taxes for general county purposes. We therefore hold that the part of section *949 XX-XX-XXX authorizing counties to levy additional taxes for general county purposes, and the part in the last paragraph prescribing the procedure to be followed in making the levy, are constitutional." 342 So.2d at 1296, 1297.
An act providing that a county having two judicial districts and being intersected by U.S. Highway 84 and Interstate 59 was held to be unconstitutional in Smith v. Transcontinental Gas Pipeline Corporation, 310 So.2d 281 (Miss. 1975). It was emphasized that the classification must be germane to the subject matter of the legislation.
In Vardaman v. McBee, 198 Miss. 251, 21 So.2d 661 (1945), the Court stated:
"Class legislation, also often called local or private legislation, is legislation limited in operation to certain persons or classes of persons, natural or artificial, or to certain districts of the territory of the State, and statutes which make unreasonable or arbitrary classifications or discriminations violate provisions of Constitutions prohibiting special laws granting any special or exclusive privileges, immunities, or franchises, or passed for the benefit of individuals inconsistent with the general law of the land. 12 C.J., Sec. 855, p. 1128; 16A C.J.S. Constitutional Law § 489.
It is said in Ruling Case Law, `Where a law is broad enough to reach every portion of the state and to embrace within its provision every person or thing distinguished by characteristics sufficiently marked and important to make them clearly a class by themselves, it is not a special or local, but a general, law, even though there may be but one member of the class or one place on which it operates." 198 Miss. at 260, 21 So.2d at 664.
The statute under consideration in Board of Education v. Educational Finance Commission, 243 Miss. 782, 138 So.2d 912 (1962), provided:
"`In cases involving two (2) counties, each of which is organized on the county-unit basis, where the students residing in one county have been attending and wish to continue attending the school situated in the adjoining county which children from their community have been attending for more than forty (40) years and where the county line lies within one thousand (1,000) yards of the school property, transfers may be granted for a period of time not to exceed five (5) years, subject to the approval of the two (2) respective county boards of education. In case the two (2) boards are unable to agree or in case there is a popular objection to the decision of the respective boards in the matter, appeals shall lie to the state educational finance commission whose decision shall be final.'" 243 Miss. at 804, 138 So.2d at 921.
In holding that the statute was not unconstitutional, the Court said:
"The appellant Benton County Board of Education has invited the attention of this Court to the Mississippi Legislative House Journal of 1960 at page 388 in order to prove that the amendment here complained of was introduced by three representatives from Marshall County, Mr. Ash, Mrs. Slayden and Mr. Owen. It is further stated that the Court should take judicial knowledge of the enactment and says: `There can be no question, but that this proviso was inserted for the sole and express purpose of taking care of the Potts Camp situation.' This may well be true, but this Court has no right to assume such facts. The burden is upon one who attacks the constitutionality of a statute to show wherein it conflicts with the Constitution. We find the foregoing rule expressed in 11 Am.Jur., Constitutional Law, Sec. 132, p. 796, as follows: `With regard to the duties cast upon the assailant of a legislative enactment, the rule is fixed that a party who alleges the unconstitutionality of a statute normally has the burden of substantiating his claim and must overcome the strong presumption in favor of its validity. It has been said that the party who wishes to pronounce a law unconstitutional takes on himself the burden of proving this conclusion beyond all doubt, and that a *950 party who asserts that the legislature has usurped power or has violated the Constitution must affirmatively and clearly establish his position.'
In the case of State ex rel. Jordan, District Attorney v. Gilmer Grocery Co., 156 Miss. 99, 125 So. 710, at p. 714, this Court said: `Our own Court is committed to the proposition that a statute should be so construed as to render its constitutional, if possible, and a statute will not be declared invalid unless it is clearly apparent that it conflicts with the organic law after resolving all doubts in favor of its validity.'
It was also pointed out in State ex rel. Knox, Attorney General v. Speakes et al., 144 Miss. 125, 109 So. 129, that where the meaning of a provision in a statute is not ascertainable from the act itself, it cannot be enforced by the courts, and certainly courts cannot go outside of the amendment of 1960 in this case, and the record, to find some meaning by which the amendment may be declared unconstitutional.
We are reminded by the language set out in 16 C.J.S. Constitutional Law § 151(1), p. 738, that: `The power of the judiciary in determining the constitutionality of a statute is limited to deciding whether it is within the scope of the constitutional powers of the legislative department. The judiciary will interfere with acts of the legislative body only where they are beyond the bounds prescribed by the constitution, and a legislative usurpation of power should be clear, palpable, or oppressive, and the claimed infringement of the constitution must be real to justify interposition. Limitations on the power of the legislature which the people have been satisfied to leave to the judgment, patriotism, and sense of justice of the legislature are not within the control of the courts. It is for the legislature and not for the courts to determine what means shall be employed to accomplish ends within its constitutional powers, * * *'." 243 Miss. at 812-814, 138 So.2d at 925-926.
Absent the provision referring to Highways 14 and 15 intersecting, the statute, which is a general statute, appears to be constitutional. Even though Louisville Municipal Separate School District encompasses all territory of the county, there are statutory procedures whereby any other county in the state could become similarly situated. Without the offensive part of Section 37-7-203, the statute appears to be rational and germane to the subject matter.
We hold that the part of said statute under consideration here which reads "in which Highways 14 and 15 intersect" is unconstitutional, that such offensive language be stricken from the act and that the remaining portion of the statute is constitutional. We further hold that the chancellor erred in finding the entire portion of the statute to be unconstitutional and the decree is reversed and judgment entered here on said question.

II.
Did the chancellor err in holding that the constitutional rights of appellants were not being violated under the one-man one-vote principle?

III.
Did the chancellor err in amending his decree after an appeal had been perfected to the Mississippi Supreme Court?
Appellants contend that their right to vote for trustees is being unconstitutionally diluted in violation of the Equal Protection Clause of the Fourteenth Amendment and that the one-man one-vote rule is applicable to the election of trustees for said school district. They cite Avery v. Midland County, 390 U.S. 474, 88 S.Ct. 1114, 20 L.Ed.2d 45 (1968), and Hadley v. Junior College District of Metropolitan Kansas City, Missouri, 397 U.S. 50, 90 S.Ct. 791, 25 L.Ed.2d 45 (1970). In Hadley, the Supreme Court stated:
"Appellants argue that since the trustees can levy and collect taxes, issue bonds with certain restrictions, hire and fire teachers, make contracts, collect fees, supervise *951 and discipline students, pass on petitions to annex school districts, acquire property by condemnation, and in general manage the operations of the junior college, their powers are equivalent, for apportionment purposes, to those exercised by the county commissioners in Avery. We feel that these powers, while not fully as broad as those of the Midland County Commissioners, certainly show that the trustees perform important governmental functions within the districts, and we think these powers are general enough and have sufficient impact throughout the district to justify the conclusion that the principle which we applied in Avery should also be applied here.
* * * * * *
... Thus in the case now before us, while the office of junior college trustee differs in certain respects from those offices considered in prior cases, it is exactly the same in the one crucial factor  these officials are elected by popular vote.
* * * * * *
... If one person's vote is given less weight through unequal apportionment, his right to equal voting participation is impaired just as much when he votes for a school board member as when he votes for a state legislator. While there are differences in the power of different officials, the crucial consideration is the right of each qualified voter to participate on an equal footing in the election process. It should be remembered that in cases like this one we are asked by voters to insure that they are given equal treatment, and from their perspective the harm from unequal treatment is the same in any election, regardless of the officials selected.
* * * * * *
It has also been urged that we distinguish for apportionment purposes between elections for `legislative' officials and those for `administrative' officers. Such a suggestion would leave courts with an equally unmanageable principle since governmental activities `cannot easily be classified in the neat categories favored by civics texts,' Avery, supra, 390 U.S. at 482, 88 S.Ct. at 1119, 20 L.Ed.2d at 52, and it must also be rejected. We therefore hold today that as a general rule, whenever a state or local government decides to select persons by popular election to perform governmental functions, the Equal Protection Clause of the Fourteenth Amendment requires that each qualified voter must be given an equal opportunity to participate in that election, and when members of an elected body are chosen from separate districts, each district must be established on a basis that will insure, as far as is practicable, that equal numbers of voters can vote for proportionally equal numbers of officials." 397 U.S. at 53-56, 90 S.Ct. at 794-795, 25 L.Ed.2d at 49-51.
Appellees argue that the one-man one-vote rule does not apply and, among other decisions, cite Sailors v. Board of Education of the County of Kent, 387 U.S. 105, 87 S.Ct. 1549, 18 L.Ed.2d 650 (1967), wherein the court said that the rule did not apply since the county school board members were elected by delegates from local school boards and that the function of said school board was administrative rather than legislative or governmental. The Court further stated:
"We find no constitutional reason why state or local officers of the nonlegislative character involved here may not be chosen by the governor, by the legislature, or by some other appointive means rather than by an election. Our cases have, in the main, dealt with elections for United States Senator or Congressman... .
* * * * * *
... If we assume arguendo that where a State provides for an election of a local official or agency  whether administrative, legislative, or judicial  the requirements of Gray v. Sanders [372 U.S. 368, 83 S.Ct. 801, 9 L.Ed.2d 821] and Reynolds v. Sims [377 U.S. 533, 84 S.Ct. 1362, 12 L.Ed.2d 506] must be met, no *952 question of that character is presented. For while there was an election here for the local school board, no constitutional complaint is raised respecting that election. Since the choice of members of the county school board did not involve an election and since none was required for these nonlegislative offices, the principle of `one man, one vote' has no relevancy." 387 U.S. at 108, 111, 87 S.Ct. at 1552, 1553, 18 L.Ed.2d at 653, 655.
The selection process here is neither fish nor fowl, three members of the board being appointed in the city and two members being elected outside the city. However, since the decision on Question I decides this case, we do not reach the problem presented by the one-man one-vote rule, and it is not necessary that we pass on the second and third questions here. Suffice it to say, we call attention of the Bench, Bar and Legislature to the question (which we do not decide) presented by the one-man one-vote rule which may affect fifty-two (52) municipal separate school districts in the State of Mississippi.
After consideration of this case by a conference of justices en banc, and for the reasons stated, the decree of the trial court is reversed, judgment is rendered here for appellants, and the case is remanded to the chancery court for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS NOT INCONSISTENT WITH THIS OPINION.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM and COFER, JJ., concur.
BOWLING, J., took no part.