399 So.2d 1356 (1981)
Sammy CARTER, et al.
v.
Mrs. Curtis LUKE, et al.
No. 52758.
Supreme Court of Mississippi.
June 3, 1981.
Rehearing Denied July 8, 1981.
Laurel G. Weir, Thomas L. Booker, Philadelphia, for appellants.
James C. Mayo, Fair & Mayo, Deramus, Lewis & Tucker, Louisville, for appellees.
Before SMITH, WALKER and BROOM, JJ.
BROOM, Justice, for the court:
Election of school board trustees of the countywide Louisville Municipal Separate School District is highlighted by this case appealed for the second time from the Chancery Court of Winston County. There the petitioners Mrs. Bobbie Lovorn, Joe Goodin, J.D. Eaves, Prentiss Carter, and *1357 Sammy Carter (appellants herein) petitioned the court to order a trustees election and for other relief. Lovorn v. Hathorn, 365 So.2d 947 (Miss. 1979) held unconstitutional the phrase in Mississippi Code Annotated § 37-7-203 (Supp. 1980) "in which Highways 14 and 15 intersect" and remanded the case for election of one school board trustee from each supervisor's district. The United States Supreme Court denied petitioner's writ of certiorari. See Lovorn v. Hathorn, supra, cert. denied, 441 U.S. 946, 99 S.Ct. 2167, 60 L.Ed.2d 1049 (1979). The lower court decreed that Mississippi Code Annotated § 37-7-217 (Supp. 1980) required a run-off election if none of the trustee-candidates from a particular supervisor's district received a majority vote. In addition, the lower court ordered that the election procedure was subject to the Voting Rights Act of 1965.
Since 1960, the school district has included all of Winston County. The board of trustees was composed of five members: three appointed by the governing authorities of the City of Louisville and two elected by qualified electors outside the city. Appellants sued the city's mayor and others to enforce the election of one trustee from each of the county's five supervisor districts. Although the chancellor dismissed appellant's initial complaint, we reversed and remanded the case to the chancellor for further proceedings in Lovorn, supra.
Complainants filed their petition to enforce the mandate of this Court on June 18, 1979, and Chancellor Love heard and sustained the petition on July 3, 1979. This cause was first filed in the United States District Court for the Northern District of Mississippi which kept the case on its docket but allowed it to be litigated in the state court. After this Court reversed and remanded the cause, the District Court, on defendant's motion, dismissed the complaint.
A detailed decree of the chancellor dated July 24, 1979, outlined the election procedure. One trustee was to be elected from each supervisor's district, and their terms were to expire in different years as per Mississippi Code Annotated § 37-7-209 (1972). According to the decree, if no trustee-candidate received a majority, there would be a run-off election between the two candidates receiving the highest number of votes. The chancellor ordered that the election procedures as decreed be submitted either to the United States Attorney General or the United States District Court for the District of Columbia in accordance with 42 U.S.C. § 1973c. After additional data was forwarded to the United States Department of Justice, the Civil Rights Division of the United States Attorney General's office advised the appellees in a letter dated March 28, 1980, that it objected to the majority vote run-off requirement. The office advised them that they had the right to seek a declaratory judgment from the United States District Court for the District of Columbia.
After additional hearings, the chancellor overruled appellants' motion to require the United States Attorney General to be made a party; no authority was cited to support the motion. The lower court decreed: (1) Mississippi Code Annotated § 37-7-217 (Supp. 1980) requires a majority vote or "run-off" election, (2) the United States Attorney General would not be made a party defendant, (3) the court would not affirmatively order the attorney general to approve the election procedure, and (4) the decree calling the election would remain in force subject to compliance with the 1965 Voting Rights Act.
Appellants raise only one assignment of error:
The chancellor erred in not obeying the mandate of the Mississippi Supreme Court and mandate of the United States Supreme Court and provide for an election as mandated.
When we entered our prior opinion and mandate in this cause, judgment was rendered here for the appellants. The cause was remanded for "further proceedings" pursuant to our opinion, and in that posture the lower court was required to call an election pursuant to § 37-7-203, supra, which code section was before us on the *1358 appeal here and was also before the United States Supreme Court which denied certiorari. 441 U.S. 946, 99 S.Ct. 2167, 60 L.Ed.2d 1049, supra. After the United States Supreme Court denied certiorari the chancellor by decree dated July 24, 1979, ordered an election but required that the matter be submitted to the Attorney General of the United States for approval "in compliance with 42 U.S.C. sec. 1973c." Subsequently the lower court postponed the election and then by decree dated September 30, 1980, among other things, decreed that certain other matters which had been raised were
dismissed with the prior Order of this Court calling the election to remain in force subject to compliance with the Federal Voters Rights Act as previously ordered by this Court.
Our prior decision, which the United States Supreme Court declined to reverse or alter in any respect, became and is the law of the case. The very code section, Mississippi Code Annotated § 37-7-203 (Supp. 1980), central to our prior opinion, provides that the election shall be "in the same manner as is provided for the election of trustees of school districts other than municipal separate school districts having territory in two or more counties." The language just quoted refers to Mississippi Code Annotated § 37-7-217 (Supp. 1980), which provides that a majority vote shall be required in such an election. On oral argument, both parties agreed to abide by the statutory scheme requiring a run-off election. We think the lower court acted properly and within the applicable statutes and law in entering the final decree appealed from except that part in numerical paragraph 4 thereof which made the election, which he had called, "subject to compliance with the Federal Voters Rights Act as previously ordered by this Court." Accordingly, the decree of the lower court appealed from is reversed as to that part of the decree requiring "compliance with the Federal Voters Rights Act... ." In all other respects the decree is affirmed, and the cause is remanded with directions for the lower court to call and require the holding of an election pursuant to § 37-7-203, supra, and not inconsistent with this opinion.
REVERSED AS TO REQUIREMENT IMPOSED BY THE CHANCELLOR THAT THE MATTER AGAIN BE SUBMITTED TO THE UNITED STATES ATTORNEY GENERAL OR A FEDERAL DISTRICT COURT; AFFIRMED IN ALL OTHER RESPECTS.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, LEE, BOWLING and HAWKINS, JJ., concur.