404 So.2d 1018 (1981)
Curtis QUINN
v.
Gerald BRANNING, Justice Court Judge of District # 2 of Neshoba County, Mississippi and State of Mississippi.
No. 52790.
Supreme Court of Mississippi.
August 19, 1981.
Rehearing Denied in Part and Granted in Part October 15, 1981.
Laurel G. Weir, Thomas L. Booker, Philadelphia, for appellant.
Bill Allain, Atty. Gen., by Karen Gilfoy, Asst. Atty. Gen., Jackson, for appellees.
Before ROBERTSON, P.J., and WALKER and LEE, JJ.
*1019 LEE, Justice, for the Court:
Curtis Quinn was convicted in the Justice Court of the Second District of Neshoba County, Mississippi, for a violation of Mississippi Code Annotated section 97-15-13 (Supp. 1980). Within the time provided by law, he filed a petition for writ of certiorari in the Circuit Court of Neshoba County, praying that a writ of certiorari issue to Gerald Branning, Justice Court Judge of said district, requiring him to certify the record and all proceedings in said cause to the circuit court. That court, Honorable Marcus D. Gordon, presiding, denied the writ and dismissed the petition, and Quinn has appealed to this Court.
The sole question presented is whether or not Mississippi Code Annotated section 97-15-13 (1972) is a local and private law in violation of Section 87 of the Mississippi Constitution (1890) and is unconstitutional in that it is vague and indefinite. Prior to 1974, Section 97-15-13 provided the following:
If any person shall be guilty of hunting or racing in or on, or shooting in, on, or across any street or public highway, he shall, on conviction thereof, be fined not more than five hundred dollars ($500.00) or imprisoned not longer than ninety (90) days in the county jail.
If any person shall willfully shoot any firearms or hurl any missile at any traffic light, highway marker, or other sign for the regulation of street or highway travel, such person, upon conviction, shall be fined not more than fifty ($50.00) or imprisoned not longer than thirty (30) days in the county jail.

*1020 It shall be the duty of all sheriffs, deputy sheriffs, constables and peace officers of this state to enforce the regulations as set out in this section. Game wardens are hereby authorized to enforce the prohibitions of this section against hunting in or on and shooting in, on or across any street or public highway.
The said section was amended only as to the first paragraph by Chapter 569, General Laws of 1974, effective April 24, 1974, which amendment follows:
If any person shall be guilty of hunting or racing in or on, or shooting in, on or across any street or public highway, or railroads within the boundaries of a hunting club unless permission is granted within a county wherein highway 15 and I20 intersect, he shall, on conviction thereof, be fined not more than five hundred dollars ($500.00) or be imprisoned not longer than ninety (90) days in the county jail.
The appellant contends that the words "unless permission is granted within a county wherein highway 15 and I20 intersect" makes the section local and private in nature and is vague and indefinite, thereby rendering the section unconstitutional.
It is common knowledge and we take judicial notice of the fact that Mississippi State Highway 15 and Interstate Highway I20 intersect only in Newton County, Mississippi. The violation charged and the conviction of appellant occurred in District # 2, Neshoba County, Mississippi. Therefore, the provision which the appellant complains about does not relate to or affect him. We have held that it is the Court's duty in passing on the constitutionality of a statute to separate the valid from the invalid part, if this can be done, and to permit the valid part to stand unless the different parts of the statute are so intimately connected with and dependent upon each other as to warrant a belief that the legislature intended them as a whole, and that if all cannot be carried into effect, it would not have enacted the residue independently. Lovorn v. Hathorn, 365 So.2d 947 (Miss. 1979); Wilson v. Jones County Board of Supervisors, 342 So.2d 1293 (Miss. 1977).
In Lovorn, supra, the question of the constitutionality of Mississippi Code Annotated section 37-7-203 (1972) as amended, was under consideration by this Court. The suit involved the election of trustees in the Louisville Municipal Separate School District and the offensive part of the statute provided "... in any county in which a municipal separate school district embraces the entire county in which Highways 14 and 15 intersect, one trustee shall be elected from each supervisors district". We said:
We hold that the part of said statute under consideration here which reads "in which Highways 14 and 15 intersect" is unconstitutional, that such offensive language be stricken from the act and that the remaining portion of the statute is constitutional. We further hold that the chancellor erred in finding the entire portion of the statute to be unconstitutional and the decree is reversed and judgment entered here on said question. (365 So.2d at 950)
We now hold in the case sub judice that the part of Mississippi Code Annotated section 97-15-13 (1972), as amended, which reads "unless permission is granted within the county wherein highway 15 and I20 intersect" is unconstitutional, that such offensive language be stricken from the act and that the remaining portion of the statute is constitutional. We note, however, that the 1974 amendment limits the violation to streets, public highways and railroads within the boundaries of hunting clubs in the state, and that the law previous thereto making it a violation to hunt or race on, or shoot on or across any street or public highway in the state of Mississippi has been completely changed. Extending the coverage of the act to those areas enumerated before the 1974 amendment may be accomplished only by the Mississippi State Legislature.
There being no error in the judgment below, it is affirmed.
AFFIRMED.
*1021 PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, BOWLING and HAWKINS, JJ., concur.

ON PETITION FOR REHEARING
ROBERTSON, Presiding Justice, for the court:
The Petition for Rehearing is denied in part and granted in part and the appellant discharged.
In our opinion in the case at bar we held that MCA § 97-15-13 (Supp. 1980), after deleting this unconstitutional portion "unless permission is granted within a county wherein highway 15 and I20 intersect," is constitutional.
We did state, however, in our opinion:
"We note, however, that the 1974 amendment limits the violation to streets, public highways and railroads within the boundaries of hunting clubs in the state, and that the law previous thereto making it a violation to hunt or race on, or shoot on or across any street or public highway in the state of Mississippi has been completely changed. Extending the coverage of the act to those areas enumerated before the 1974 amendment may be accomplished only by the Mississippi State Legislature."
On Petition for Rehearing, appellant, Curtis Quinn, has called our attention to the fact that, in view of the above caveat in our opinion, the affidavit against Quinn does not state an offense under the statute. The affidavit charged Quinn with "unlawfully hunting or shooting on public road with loaded gun". In our opinion, the affidavit does not charge an offense under MCA section 97-15-13 (Supp. 1980), which, after deleting the unconstitutional part, would read:
"If any person shall be guilty of hunting or racing in or on, or shooting in, on or across any street or public highway, or railroads within the boundaries of a hunting club, he shall, on conviction thereof, be fined not more than five hundred dollars ($500.00) or be imprisoned not longer than ninety (90) days in the county jail."
The Petition for Rehearing is granted in this respect, and since the affidavit does not charge an offense under the statute the conviction is reversed and the appellant discharged.
Denied in part, granted in part, conviction reversed and appellant discharged.
All Justices concur.