487 So.2d 220 (1986)
STATE of Mississippi ex rel. Charles PAIR
v.
Robert BURROUGHS, Edith East, Frank Therrell, Luella Newsome and Dr. Charles Hollingshead, Trustees.
No. 56834.
Supreme Court of Mississippi.
April 16, 1986.
*221 Thomas T. Buchanan, Laurel, for appellant.
Franklin C. McKenzie, Laurel, for appellees.
En Banc.
SULLIVAN, Justice, for the Court:
On July 17, 1985, Charles Pair filed an action in the nature of quo warranto against Robert Burroughs, Edith East, Frank Therrell, Luella Newsome, and Dr. Charles Hollingshead, trustees of Jones County Community Hospital.
Pair claimed that he was a duly appointed trustee of the Hospital, that the present board unlawfully refused to recognize him and his office, and that he had been removed from office under the auspices of a legislative act that was in violation of § 90, subsection (o), of Art. IV of the Mississippi Constitution of 1890.
The Circuit Court, Second Judicial District of Jones County, Mississippi, found against Pair and entered a summary judgment for the Board of Trustees.
Pair appeals and assigns two errors:
I. That the Trial Court committed reversible error in not holding that the amendment to Section 41-13-29, subsection 3, of the Mississippi Code of 1972, found in Senate Bill 2599, was not unconstitutional for the reason that said Section is in violation *222 of Article 4, Section 90 of the Mississippi Constitution and other Constitutional provisions; and
II. That the Trial Court committed reversible error in not recognizing that Section 10 of Senate Bill 2599 specifically states that Senate Bill No. 2599 shall not affect or alter previous appointments to the office of Trustee of the Community Hospital of Jones County.

I.

WHETHER THE TRIAL COURT ERRED IN NOT HOLDING SENATE BILL 2599 UNCONSTITUTIONAL SINCE IT VIOLATES ARTICLE 4, SECTION 90, OF THE MISSISSIPPI CONSTITUTION
The office of trustee for community hospitals has existed since Mississippi Code Annotated § 7129-55 (1942). That statute provided that a board of trustees consisting of not less than five nor more than seven members shall be appointed by the county board of supervisors to maintain and operate the community hospital in the county.
Mississippi Code Annotated § 41-13-29 (Supp. 1983), provided that there would be eleven members on the board of trustees and set out the following method of appointment:
The first four (4) members added under authority of this paragraph shall be appointed by the board of supervisors for terms as follows: one (1) for a term of four (4) years, one (1) for a term of three (3) years, one (1) for a term of two (2) years, and one (1) for a term of one (1) year. Thereafter, as the terms of the board members authorized by this paragraph expire their successors shall be appointed by the board of supervisors for terms of four (4) years. Three (3) of the members authorized to be appointed under this paragraph shall be appointed from a list of six (6) nominees to be submitted to the board of supervisors by the medical staff of such hospital; and thereafter, as the terms of these three (3) trustees expire, the successors of each of such trustees shall be appointed by the board of supervisors from a list of two (2) nominees to be submitted by the medical staff of such hospital for each vacancy to be filled.
It was under this statute that Pair was appointed a member of the board of trustees of Jones County Community Hospital on February 21, 1984. Pair was appointed to a county-at-large position for a term of four years, which term was to expire on February 21, 1988.
In 1985, the Mississippi Legislature enacted Senate Bill No. 2599 which became Chapter 511, Laws of Mississippi, 1985. Chapter 511 has an effective date of July 1, 1985.
Pursuant to Chapter 511, Mississippi Code Annotated § 41-13-29(3)(c) now provides:
(c) Any hospital erected, owned, maintained and operated by any county having two (2) judicial districts, which is traversed by U.S. Interstate Highway 59, which intersects Highway 84 therein, shall be operated by a board of trustees which shall consist of seven (7) members. The first seven (7) members appointed under authority of this paragraph shall be appointed by the board of supervisors for terms as follows:
Each supervisor of Supervisor Districts One and Two shall nominate and the board of supervisors shall appoint one (1) person from each said beat for a one-year term. Each supervisor of Supervisor Districts Three and Four shall nominate and the board of supervisors shall appoint one (1) person from each said beat for a two-year term. The supervisors of Supervisor District Five shall nominate and the board of supervisors shall appoint one (1) person from said beat for a three-year term. The medical staff at the hospital shall submit a list of four (4) nominees and the supervisors shall appoint two (2) trustees from said list of nominees, one (1) for a three-year term and one (1) for a one-year term. Thereafter, as the terms of the board of trustee members authorized by this paragraph *223 expire, all but the trustee originally appointed from the medical staff nominees for a one-year term shall be appointed by the board of supervisors for terms of three (3) years. The term of the trustee originally appointed from the medical staff nominees by the board of supervisors for a term of one (1) year shall remain a term of one (1) year and shall thereafter be appointed for a term of one (1) year. The two (2) members appointed from medical staff nominees shall be appointed from a list of two (2) nominees for each said position to be submitted by the medical staff of the hospital for each vacancy to be filled.
Thus the eleven-member board was abolished and replaced by a seven-member board. Under the new act, the Jones County Board of Supervisors appointed seven new members to the board of trustees, with an effective date of July 1, 1985.
When the new board met on July 16, 1985, the board refused to recognize Pair as a trustee.
The trial court correctly found that Mississippi Code Annotated § 41-13-29(2) contained a grandfather clause preserving the term of office for trustees serving on July 1, 1982. Pair was not a trustee on that date and, therefore, was not protected from the operation of the new statute. The trial court went on to find that the new statute had many laudable purposes other than to remove Pair as a trustee, although the statute had that effect.
Pair's primary argument is that § 41-13-29(3)(c) by which he was removed from the office of trustee, is local and private legislation affecting only Jones County and, therefore, is in violation of the Constitution.
The case of Lovorn v. Hathorn, 365 So.2d 947 (Miss. 1978), cert. den. 441 U.S. 946, 99 S.Ct. 2167, 60 L.Ed.2d 1049 (1979), occasioned the opportunity for this Court to set out the definition of local and private legislation and of general law as follows:
Class legislation, also often called local or private legislation, is legislation limited in operation to certain persons or classes of persons, natural or artificial, or to certain districts of the territory of the State, and statutes which make unreasonable or arbitrary classifications or discriminations violate provisions of Constitutions prohibiting special laws granting any special or exclusive privileges, immunities, or franchises, or passed for the benefit of individuals inconsistent with the general law of the land. 12 C.J., Sec. 855, p. 1128; 16A C.J.S. Constitutional Law § 489.
It is said in Ruling Case Law, `Where a law is broad enough to reach every portion of the state and to embrace within its provision every person or thing distinguished by characteristics sufficiently marked and important to make them clearly a class by themselves, it is not a special or local, but a general, law, even though there may be but one member of the class or one place on which it operates.'
365 So.2d at 949.
There can be no doubt that we are here faced with local and private legislation. The three main constitutional sections dealing with local and private legislation are Art. IV §§ 87, 89, and 90.
Mississippi Constitution Art. IV, § 90, states, in pertinent part, "The Legislature shall not pass local, private, or special laws in any of the following enumerated cases, but such matters shall be provided for only by general laws, viz: (o) creating, increasing, or decreasing the fees, salary, or emoluments of any public office."
The office of trustee for community hospitals is a public office, and, as such, Art. IV § 90(o) is applicable to this case.
Mississippi Constitution Art. IV § 89 provides:
There shall be appointed in each house of the legislature a standing committee on local and private legislation; the house committee to consist of seven representatives, and the senate committee of five senators. No local or private bill shall be passed by either house until it shall have been referred to said committee thereof, *224 and shall have been reported back with a recommendation in writing that it do pass, stating affirmatively the reasons therefor, and why the end to be accomplished should not be reached by a general law, or by a proceeding in court; or if the recommendation of the committee be that the bill do not pass, then it shall not pass the house to which it is so reported unless it be voted for by a majority of all members elected thereto. If a bill is passed in conformity to the requirements hereof, other than such as are prohibited in the next section, the courts shall not, because of its local, special, or private nature, refuse to enforce it. (emphasis added).
Since the local and private legislation in the case sub judice contravenes § 90, § 89 will not apply. Mississippi Constitution Art. IV § 87, states:
No special or local law shall be enacted for the benefit of individuals or corporations, in cases which are or can be provided for by general law, or where the relief sought can be given by any court of this state; nor shall the operation of any general law be suspended by the legislature for the benefit of any individual or private corporation or association, and in all cases where a general law can be made applicable, and would be advantageous, no special law shall be enacted.
In the case of Rolph v. Board of Trustees of Forrest County General Hospital, 346 So.2d 377 (Miss. 1977), this Court, basing their decision on § 87, held invalid local and private legislation allowing the Board of Trustees at the Forrest County General Hospital to waive its immunity from suit in those cases that the board determined to have merit. The Court stated its position thusly:
It cannot be doubted that the legislature has as its prerogative the power to control the substantive law applicable to liability in tort for negligence. This does not, however, mean that the consequent statutes may effectuate this purpose with an uneven hand. What rational justification exists for the differing treatment set forth in House Bill 1205 when there are no peculiar characteristics with reference to the people inhabiting Forrest County other and different from those who inhabit the remaining 81 counties, with similar environment and similar characteristics as to people and when they, as to those things that are usually embraced in a class, are the same? The necessary answer is none.
346 So.2d at 379.
As the careful reader will note, Rolph, supra, has been overruled by Pruett v. City of Rosedale, 421 So.2d 1046 (Miss. 1982), since the Court applied Mississippi Code Annotated § 41-13-37 (1972) as a type of governmental immunity. Nevertheless, we cite Rolph for the § 87 concept, since this was not the basis of the overruling.
Consequently, as is the situation in this case, when local and private legislation does not satisfy the requirements of Art. IV, § 89, or bears no rational relationship to the limited classification, the legislation must be held invalid. See Wilson v. Jones County Board of Supervisors, 342 So.2d 1293 (Miss. 1977); Smith v. Transcontinental Gas Pipeline Corp., 310 So.2d 281 (Miss. 1975).
There are, however, some situations in which this Court will not interfere with local and private legislation. As stated in In Re Validation of $7,800,000 Combined Utility System Revenue Bond, Gautier Utility District, Jackson County, Mississippi, Dated as of the Date of Delivery. B.L. White, et al., v. Gautier Utility District of Jackson County, 465 So.2d 1003 (Miss. 1985):
Under our constitutional scheme, there is no prohibition upon the legislature's enacting upon a given subject matter by both a general law and a local and private law. This is particularly so where the object and purpose of each act is consistent with the other and where the differences between them are primarily procedural or minor.
465 So.2d at 1016.
As will be seen below, there are major differences between the general legislation *225 dealing with the appointment of trustees for community hospitals, and the local and private appointment process that it limited to Jones County. As such, the above-quoted law will not apply in the case sub judice.
The case of Quinn v. Branning, 404 So.2d 1018 (Miss. 1981), set out the method for determining the constitutionality of a statute, when our Court stated:
[I]t is the Court's duty in passing on the constitutionality of a statute to separate the valid from the invalid part, if this can be done, and to permit the valid part to stand unless the different parts of the statute are so intimately connected with and dependent upon each other as to warrant a belief that the legislature intended them as a whole, and that if all cannot be carried into effect, it would not have enacted the residue independently.
404 So.2d at 1020.
If we follow the theory of Quinn v. Branning, and strike only that part of § 41-13-29(3)(c) stating, "Any hospital erected, owned, maintained and operated by any county having two (2) judicial districts, which is traversed by U.S. Interstate Highway 59, which intersects Highway 84 therein, ..." as unconstitutional, and, at the same time, allow the remainder of (3)(c) to stay in effect, we will have created a substantial anomaly.
This is true because the remainder of section (3)(c) provides for a specific scheme of appointment for community hospital trustees. This scheme, however, is different from the general scheme of appointing trustees stated in Mississippi Code Annotated § 41-13-29(2) (Supp. 1985). The differences are:
(1) The general scheme provides for not more than seven nor less than five trustees, while the Jones County scheme provides for seven trustees;
(2) The initial appointments under the general scheme are 1 trustee for 1 year, 1 for 2 years, 1 for 3 years, 1 for 4 years, 1 for 5 years, and should the 6th and 7th trustees be appointed, their terms shall be for 4 and 5 years respectively. The Jones County scheme provides for 3 trustees appointed for 1 year, 2 for 2 years, and 2 for 3 years;
(3) Upon the expiration of the initial terms of the trustees, the general scheme provides for all terms to be for five years. Upon the expiration of the Jones County terms, all trustees will be appointed for three year terms except the medical staff nominee appointed to a one year term will remain a one year term.
Therefore, allowing the remaining portion of § 41-13-29(3)(c) to stand would create two general schemes of appointment of trustees, and it would become unclear which scheme should be used, as the two are different.
Obviously, by enacting (3)(c) the legislature was limiting that section to Jones County, and applying that appointment scheme only to Jones County. Furthermore, that part of the statute referring to highways 59 and 84 bears no rational relationship to the means of appointing the trustees. We find, as a result, that the legislature has provided two schemes for the appointment of trustees; one as a general law for the state of Mississippi and one as a law that applies only in Jones County, Mississippi. Such a procedure is forbidden by our constitution and, therefore, we declare that § 41-13-29(3)(c) in its entirety is void as in violation of the constitution.
This declaration offers no comfort to Mr. Pair. His argument that he was appointed to an at-large position under § 41-13-29(2) is without merit. We find that since Pair was appointed pursuant to Mississippi Code Annotated § 41-13-29(3)(c) (Supp. 1983)  which contained the prohibitive "highway" language  his appointment was not valid.
Pair's next argument that Mississippi Constitution, Art. III, § 20, and Art. VI, § 175, have been violated as he was removed from public office, is without merit.
Johnston v. Reeves and Co., 112 Miss. 227, 72 So. 925 (1916), is dispositive of this *226 argument. That case stands for two propositions that apply directly to the facts of this case. First, a public office is not a contract and an encumbent has no vested interest in the terms, fees or emoluments thereof. Second, the office of member of the board of trustees of the Jones County Community Hospital or any other community hospital created by an act of the legislature is a legislative office and not a constitutional one. This being true, the legislature has the unquestioned right at any time to prescribe the duties of this office or to curtail the power. Indeed, the legislature may abolish the office altogether.
The first assignment of error, while meritorious in one regard, does nothing to restore Mr. Pair's office as trustee.

II.

WHETHER THE TRIAL COURT ERRED IN NOT RECOGNIZING THAT SECTION 10 OF SENATE BILL 2599 SPECIFICALLY STATES THAT SENATE BILL 2599 SHALL NOT AFFECT OR ALTER PREVIOUS APPOINTMENTS TO THE OFFICE OF TRUSTEE OF THE COMMUNITY HOSPITAL OF JONES COUNTY
Section 10 of Chapter 511, Laws, 1985, provides as follows:
This act shall not affect any rights, duties or obligations heretofore granted or imposed by local and private legislation heretofore enacted for the benefit of any owner or community hospital, and the provisions of this act shall be supplemental to and shall not restrict or repeal any general or special authority, powers, rights or privileges with respect to community hospitals heretofore conferred on board of trustees.
See MCA § 41-13-29 (Supp. 1985), (Editors' notes)
Pair argues that this section clearly and unambiguously states that Chapter 511 shall not restrict any rights conferred on board of trustees. Pair asserts that the failure of the lower court to acknowledge Section 10 violates the rule espoused in McCaffrey's Food Market, Inc. v. Mississippi Milk Com'n, 227 So.2d 459 (Miss. 1969).
In McCaffrey's, supra, this Court, speaking of the construction of statutes, stated,
We are not entirely devoid of aid in determining the meaning of these statutes. There are certain rules that may be used as guides to aid the Court in the solution of this problem. First, it is well settled that in the interpretation of statutes by the courts that the particular statues dealing with a special and particular subject will control, as to the terms of the special subject, over the general statutes dealing with like subjects in a general way. (citations omitted).
Second, it is also a rule of law that in its effort to construe a statute the courts must seek to ascertain the legislative intent of the statute in question as a whole, taking into consideration each provision of the statute on the entire subject. (citations omitted).
... .
"While the words of a particular section of a statute are the basic data from which to draw the meaning of such section, the statute must be viewed or read as an integrated whole, and the task of the court is to fit, if possible, all parts of a statute into a harmonious whole. The entire statute must be construed together, and effect given to every part, if it can be done without manifestly violating the intent of the legislature. A construction which will render any part of a statute inoperative, superfluous, or meaningless is to be avoided.
"The courts will look to all parts of the statute, including the title, to other statutes, and to the general principles of law, and will assign such meaning to the words of the statute construed as will make them all effective.
"Statutes or statutory sections which relate to the same subject matter or are in pari materia must be read together to determine the mind of the legislature."

*227 1 Am.Jur.2d Administrative Law § 40, pp. 841-842 (1962).
227 So.2d at 463.
The appellees also cite McCaffrey's, and then attempt to consider the statute as a whole. Looking at Chapter 511, we note that Section 2 is the source of MCA § 41-13-10 (Supp. 1985). § 41-13-10, entitled Definitions, states in part,
For purposes of Sections 41-13-10 through 41-13-47, Mississippi Code of 1972, the following words shall have the meanings ascribed herein, unless the context otherwise requires:
... .
(b) "Board of trustees" shall mean the board appointed pursuant to Section 41-13-29, Mississippi Code of 1972, to operate a community hospital.
(c) "Community hospital" shall mean any hospital, nursing home and/or related health facilities or programs, including without limitation, ambulatory surgical facilities, intermediate care facilities, after-hour clinics, home health agencies and rehabilitation facilities, established and acquired by boards of trustees or by one or more owners which is governed, operated and maintained by a board of trustees.
(d) "Owner" shall mean any board of supervisors of any county having an ownership interest in any community hospital or leased facility on behalf of the county or on behalf of any supervisors district, judicial district or election district of the county and shall also mean any governing council or board of any municipality having an ownership interest in any community hospital or leased facility.
Clearly, owners and boards of trustees are separate and distinct. Owners are either county boards of supervisors, or governing councils of a municipality. According to MCA § 41-13-29 (Supp. 1985), owners appoint boards of trustees.
Again, the portion of Chapter 511, section 10, dealing with boards of trustees says that the provisions of Chapter 511 shall not restrict any authority, powers, rights or privileges conferred on the board of trustees by former legislation.
It seems clear that the language in section 10 refers not to the terms of the individual members, but to the board itself and its overall authority in policy making decisions with respect to community hospitals. This becomes clearer upon viewing § 41-13-29(2), which provides that a trustee holding office on July 1, 1982, will not be affected by this provision. Thus, since section 2 provides that only certain trustees positions would continue, it becomes apparent that section 10 does not refer to the office tenure itself. Pair is not included in the group contained in 41-13-29(2).
Furthermore, when closely construing § 41-13-29(3)(c), it should be noted that there are very specific procedures and terms of office for appointing the board.
When taking all of this into consideration, it seems more than clear that section 10 was not meant to save every office of trustee until expiration. Accordingly, this assignment of error is without merit.
In conclusion, § 41-13-29(3)(c) is declared unconstitutional, and it is ordered that the Jones County Board of Supervisors hereby appoint Trustees to the Jones County Community Hospital pursuant to Mississippi Code Annotated § 41-13-29(2) (Supp. 1985). In all other particulars, the judgment of the Circuit Court of Jones County, Mississippi, in granting summary judgment for the appellees is affirmed.
MISSISSIPPI CODE ANNOTATED § 41-13-29(3)(c) (SUPP. 1985) DECLARED UNCONSTITUTIONAL; SUMMARY JUDGMENT FOR APPELLEES AFFIRMED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE, PRATHER, ROBERTSON and ANDERSON, JJ., concur.